**Randy VELLEFF, Plaintiff,**

v.

**William CANTWELL, et al., Defendants.**

**No. 83 C 5483.**

United States District Court, N.D. Illinois, E.D.

March 21, 1986.

Donald N. Novelle of Serpico, Novell, Dvorak & Navigato, Chicago, Ill., for plaintiff.

James R. Shirott and John T. Elsner, Schirott & Elsner, Itasca, Ill., Maryellen Provenzale, DuPage Co. State's Atty's. Office, Wheaton, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

Defendants move for summary judgment in this action for excessive use of force under 42 U.S.C. § 1983, on the ground that plaintiff's injuries were insufficiently severe to meet the standard established in *Gumz v. Morrissette,* 772 F.2d 1395, 1400 (7th Cir.1985). *Gumz* held that "the use of force by a state officer is unconstitutional if it: 1) caused severe injuries, 2) was grossly disproportionate to the need for action under the circumstances, and 3) was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." *Id.*

Plaintiff alleges that following a minor prison disturbance, after all other prisoners involved had been handcuffed and ordered to lie on the floor facing away from plaintiff, defendant Richard Doria instructed two deputies to "hold that son of a bitch up." Doria, the Sheriff of DuPage County, then put on a leather "sap" glove with lead knuckles and, while the deputies held plaintiff immobile and spread-eagled, struck him twice in the face, knocking him to the floor. Plaintiff was taken immediately to a hospital for x-rays and treatment, but his injuries were not serious. He suffered a lacerated lip, his eyes and jaw were brusied and swollen, and he had trouble chewing for several weeks.

Plaintiff's version of events is corroborated by the testimony of at least one other witness, and Sheriff Doria testified at his deposition that he struck plaintiff with a glove whose knuckles were "padded" with powdered lead.

The Seventh Circuit reiterated in *Gumz* that "[t]he right protected by the Fourteenth Amendment in the context of claims of excessive force is the right to be free of

state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as to literally shock the conscience of the court." 772 F.2d at 1400. *Gumz* did not abolish the rule that official use of force is unlawful if it shocks the conscience of the court. Instead, it adopted a three-part test "to provide guidance in making this delicate determination," and emphasized that claims of excessive force still "must be resolved on a case-by-case basis." *Id.*

*Gumz* does not license law enforcement officials to use whatever force they choose against whomever they choose, so long as they avoid inflicting "severe injuries" on their victims. Although plaintiff's injuries proved neither severe nor permanent, plaintiff has alleged that Sheriff Doria deliberately struck him on the face with a lead glove while two deputies held him incapacitated. Such conduct shocks the conscience of this court. If it does not shock the conscience of Sheriff Doria and his attorneys, it should.

The motion for summary judgment is denied.

IT IS SO ORDERED.